```
BRIAN J. STRETCH (CSBN 163973)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, CA 95113
    Telephone: (408) 535-5044
    FAX: (408) 535-5081
    james.scharf@usdoj.gov

Attorneys for Defendant
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| PETER B. ROLLINS,<br><br>    Plaintiff,<br><br>RAYMOND E. MABUS,<br>SECRETARY OF THE NAVY,<br><br>    Defendant. | CASE NO. C 12-2047 PSG<br><br>STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT; [PROPOSED] ORDER OF DISMISSAL |

IT IS HEREBY STIPULATED by and between the parties, through counsel, that this action be settled and compromised on the following terms:

WHEREAS, Plaintiff Peter B. Rollins ("Plaintiff") filed the above-captioned action on April 24, 2012, against Defendant Raymond E. Mabus, Secretary of the Navy and others ("Defendant"). Plaintiff asserted claims, including a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), concerning his employment with the Department of the Navy's Naval Support Activity Monterey Security Department in Monterey, California ("NSA Monterey"). Plaintiff alleged Title VII claims based on adverse employment actions he experienced between March 2009 and February 28, 2012.

WHEREAS, the parties participated in a settlement conference before Hon. Nathanael M. Cousins on May 6, 2016. The settlement conference resulted in a comprehensive settlement of all of

Plaintiff's claims relating to his employment with NSA Monterey.

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, arising out of Plaintiff's employment with NSA Monterey concerning the subject matter of this action.

NOW, THEREFORE, in consideration of the mutual promises contained in this agreement, and other good and valuable consideration, receipt of which is hereby anticipated, the parties agree as follows:

1. Settlement Amount. In full and final settlement of all claims related to Plaintiff's employment with NSA Monterey concerning the subject matter of this action, Defendant shall pay Plaintiff a total sum of $75,000. There shall be no withholding from this amount. Plaintiff understands that this payment may be reported to the Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between Plaintiff and the IRS. Subject to the qualification set forth in Paragraph 3 below, the check will be made payable to Rollins through his attorneys, payable to "Campins Benham-Baker, LLP, Client Trust Account" and defense counsel will send the check via Federal Express to Plaintiff's current attorney of record, Julia Campins, 935 Moraga Road, Suite 200, Lafayette, CA 94549. Plaintiff has been informed that payment of the Settlement Amount may take sixty (60) days or more to process. Defendant's counsel promises to forward the request for payment within 5 calendar days of settlement.

2. Release. In consideration of the payment of the Settlement Amount and the other terms set forth in this agreement, Plaintiff hereby releases and forever discharges Defendant, NSA Monterey, Kenneth W. Bench, Jeffrey S. Pray, Shayne Gardner, Dora Clark, and any and all of Defendant's past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, including claims arising under Title VII, whether suspected or unsuspected, at law or in equity, known or unknown, which arise from or relate to Plaintiff's employment with NSA Monterey concerning the subject matter of this action.

3. **Attorneys' Fees.** The parties agree that the cash amount described in Paragraph 1, above, is in exchange for Plaintiff releasing and dismissing all claims for compensatory and special damages, back pay, front pay, interest, attorneys' fees, costs, restitution, reinstatement and any other form of legal or equitable recovery relating to his employment with NSA Monterey concerning the subject matter of this action. The parties understand that this amount includes full satisfaction of all claims for attorneys' fees and costs arising from work performed by Plaintiff's present or former counsel or others at all stages of litigation, including, but not limited to, the processing of Plaintiff's administrative and district court complaints in connection with Plaintiff's employment with NSA Monterey, and any other EEO administrative proceedings. Plaintiff acknowledges that Plaintiff's prior attorney, Eugene S. Thompson, sent defense counsel a notice of a lien for attorney's fees. Plaintiff is solely responsible for satisfying that lien, and any other liens for attorney's fees related to the subject matter of this action. Plaintiff agrees to defend and indemnify Defendant and his attorneys in any claim or action presented by Mr. Thompson or others regarding any unsatisfied liens for attorney's fees related to the subject matter of this action. Defendant shall include Mr. Thompson as an additional signatory on the settlement check unless Mr. Thompson directs otherwise. Defendant agrees it is owed no money by plaintiff as payment for costs.

4. **Dismissal.** In consideration of the payment of the Settlement Amount and the other terms of this agreement, Plaintiff hereby dismisses with prejudice all claims asserted in this action, or could have been asserted in this action. However, the parties stipulate that the Court may retain jurisdiction to enforce the terms of this agreement under the laws of the United States.

5. **EEO Cases.** Upon receipt by Plaintiff of the Settlement Amount, Plaintiff authorizes NSA Monterey to dismiss all of Plaintiff's pending EEO cases, if any, concerning or relating to his employment by NSA Monterey, and agrees not to initiate any new EEO proceedings concerning or relating to his employment by NSA Monterey.

6. **Application for Future Employment.** Plaintiff agrees that he will never again apply for employment at NSA Monterey. If plaintiff violates this provision and applies for future employment with NSA Monterey, Defendant is authorized to deny his application pursuant to this Agreement, and

CASE NO. C 12-2047 PSG
STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT; [PROPOSED] ORDER OF DISMISSAL

3

may assert this Agreement as a full and complete defense to any proceeding or action concerning his decision to deny Plaintiff's employment application.

7. Waiver of California Civil Code Section 1542. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of Defendant for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this agreement shall be and remain effective notwithstanding such material difference.

8. Agreement as a Complete Defense. This agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by this agreement.

9. No Admission of Liability. This is a compromise settlement of disputed claims and demands, which settlement does not constitute a concession or admission by Plaintiff as to the relative merits of his claims, or an admission of liability or fault on the part of the Defendant or any of its past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiff's complaint in this action.

10. Tax Liability. If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum received herein, Plaintiff shall be solely responsible for paying any such determined liability from any government agency thereof. Plaintiff will indemnify and hold harmless Defendant from any liability it incurs from any government agency arising out of any failure by Plaintiff to pay for any liability she might incur from any government agency.

11. Construction. Each party hereby stipulates that they are fully aware of and understands all

CASE NO. C 12-2047 PSG
STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT; [PROPOSED] ORDER OF DISMISSAL

of the terms of this agreement and the legal consequences thereof. For purposes of construction, this agreement shall be deemed to have been drafted by all parties to this agreement and shall not, therefore, be construed against any party for that reason in any subsequent dispute. It is acknowledged that the parties hereto have mutually participated in the preparation of this agreement, and it is agreed that no provision hereof shall be construed against any party hereto by virtue of the activities of that party or its attorney.

12. Severability. If any provision of this agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

13. Integration. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement. This agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

14. Authority. The signatories to this agreement have actual authority to bind the parties.

15. Additional Provisions.

   (a) Force Protection Director Matt Crews will author and provide to plaintiff within 10 business days of settlement a neutral and accurate employment reference letter that will include dates of employment, rank, and voluntary retirement.

   (b) Defendant will expunge its personnel records for plaintiff of Nov. 2009 discipline and AWOL-related discipline.

   (c) Defendant to provide plaintiff an HR point of contact for future employment references. HR point of contact will provide neutral and accurate employment information that will include dates of employment, rank, and voluntary retirement.

16. Notice of Dismissal. The parties agree that defendant within 2 business days will file a copy of the attached proposed order asking Magistrate Judge Grewal to dismiss the case

CASE NO. C 12-2047 PSG
STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT; [PROPOSED] ORDER OF DISMISSAL

5

with prejudice, while retaining jurisdiction to enforce the terms of the Stipulation and Agreement of Compromise and Settlement.

DATED: May 6, 2016

SIGNED
_____
Peter B. Rollins
Plaintiff

DATED: May 6, 2016

_____
Julia Campins
Attorney for Plaintiff
APPROVED AS TO FORM ONLY

DATED: May 6, 2016

_____
James A. Scharf
Assistant United States Attorney
Attorney for Defendant

[PROPOSED] ORDER

Pursuant to stipulation, it is hereby ordered that the parties shall proceed with the terms of this Stipulation and Agreement of Compromise and Settlement. This case is hereby dismissed with prejudice pursuant to settlement, and the Clerk shall now close this file. All future case management dates, including the June 20, 2016 trial date, are hereby vacated. However, by stipulation of the parties, the Court will retain jurisdiction to enforce the terms of the Stipulation and Agreement of Compromise and Settlement.

Dated: May 9, 2016

_____
Hon. Paul S. Grewal
United States District Court Magistrate Judge

CASE NO. C 12-2047 PSG
STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT; [PROPOSED] ORDER OF DISMISSAL

6